LOMBARD, J.,
dissents.
Iil disagree with the majority that the record does not support the defendants’ assertion that the trial court excluded their expert witnesses because the -witnesses did not appear at the Daubert hearing. Specifically, the following colloquy took place at the beginning of the motion hearing:
THE COURT: Okay. So our problems with Dr. Laborde and Mr. Hoffpauir are actually the same, that all they looked at were a bunch of grainy photos, and they did no mathematical calculations, there was no scientific work being done, and they just came up with the—
[DEFENDANTS’ COUNSEL]: They looked at the pictures, just as a jury could do, and they are expressing supposed expert opinions. I would point out, Your Honor, I’m somewhat perplexed. This is a Daubert motion, and every time that I have ever filed Dau-bert motions in the past, that the experts were actually called by the persons offering that testimony so we could have an examination as to what they have done and not done. [They] are not here so—
THE COURT: I thought my office had called because I assumed — the reason why I gave this case a special setting was because I thought this was a Dau-bert motion, that the experts would, in fact, be presented to the Court so that the experts could be questioned as to their methodology.
[DEFENDANTS’ COUNSEL]: I did not realize I needed to have them here, Your Honor. I apologize.
| ¿THE COURT: How else are we going to test their methodology?
[DEFENDANTS’ COUNSEL]: It’s all in their deposition. [Plaintiffs counsel] questioned their methodology completely in the actual depositions, and the depositions are attached as exhibits.
⅜ ⅝ ⅜ # ⅝ ⅜
[PLAINTIFF’S COUNSEL]: Your Honor, going back to the merits of the motion, I mean clearly we filed a Dau-bert motion, and if the defendants are not going to produce the experts so the Court can do it, they lose. They have the burden of proof. Without a witness, they can’t carry the burden of proof.
As the hearing continued, the plaintiffs counsel continued to insist that a Daubert hearing required live witnesses, an assumption apparently shared by the trial judge. This assumption was not disputed by the defendants’ counsel who related “I have never had a Daubert hearing, and I didn’t know I had to produce the -witnesses.” Eventually, there was some discussion of the deposition testimony of the two disputed witnesses and the admissibility of such testimony at the end of the discussion the trial court ruled orally, giving the following reason for the judgment granting the plaintiffs motion to exclude the defendants’ expert witnesses:
In reviewing Daubert Foret [sic], its prodigy, the Court notes that the two witnesses, Mr. Hoffpauir, nor [sic] Mr. Laborde, was, in fact, present today at *54 this Daubert hearing. Therefore, the Court is going to grant the Motion in Limine, (emphasis added).
The written judgment signed on January 19, 2012, reiterated that the basis of the ruling excluding the witnesses: “No testimony was proffered at the hearings by Defendants” (emphasis added).
Thus, although there was some discussion as to the admissibility of the testimony of the defendants’ expert witnesses, the trial court did not reference any of that discussion in its reason for judgment. Rather, in both oral and written |sruling, the trial court specifically stated that the basis of the decision to exclude the expert witnesses was them absence from the hearing. This is clear error.
There is no requirement, jurisprudential or otherwise, requiring live testimony at a Daubert hearing. See La.Code Civ. Proc. Art. 1425(F)(2)(“For good cause shown, the court may allow live testimony at the contradictory [Daubert] hearing”). Moreover, the record in this case is unambiguous: the trial court based its decision on the absence of live testimony by the expert witnesses. After explicitly stating this in its oral ruling, the trial court reiterated it in the written judgment. Thus, although a trial court is “accorded broad discretion in determining whether expert testimony should be admissible and who should or should not be permitted to testify as an expert,” Everhardt v. Louisiana Department of Transportation and Development, 07-0981, p. 15 (La.App. 4 Cir. 2/20/08), 978 So.2d 1036, 1048 (citations omitted), that discretion is necessarily premised upon an understanding of the procedural, as well as legal, burdens of the parties. In this matter, although (as the majority recounts) there was some discussion of the deposition testimony pertinent to the witnesses’ qualifications, the entire hearing was framed by the plaintiffs counsel’s misconception that a Daubert hearing required live testimony from the witnesses at issue and the absence of such testimony required the exclusion of their testimony at trial. The trial court clearly shared this erroneous misconception. Moreover, even if the trial court preferred live testimony, the trial court conceded at the hearing that defendants’ counsel was not advised of this preference through either written order or less formal channels.
The majority, however, ignores the fact that the trial court’s only stated reason for judgment, both orally and written, for excluding the witnesses was their failure to appear at the motion hearing and, rather than reviewing that decision | ¿under the appropriate abuse of discretion standard, necessarily undertakes a de novo review of record to find a basis for upholding the decision. This is also error. Accordingly, although I am reluctant to vacate a jury verdict based upon a pretrial error,[1] I respectfully dissent. The trial court error in granting the plaintiffs motion in limine based upon a misconception of the law should not be compounded by the imposition of an erroneous standard of review.

. This court declined to exercise its supervisory jurisdiction when the matter was brought before the court on application for supervisory writ.